WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Rodriguez,<br><br>        Plaintiff,<br><br>v.<br><br>Taylor & Francis Group, LLC,<br><br>        Defendant. | No. CV-23-00576-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Taylor & Francis Group, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim (Doc. 22). For the reasons detailed below, Defendant's Motion is granted.

### BACKGROUND

This action concerns Dr. Cristobal Rodriguez's ("Plaintiff") allegations of defamation and trade libel against Taylor & Frances Group, LLC ("Defendant"). Dr. Rodriguez is the Associate Dean of Equity, Inclusion, and Community, as well as an Associate Professor of Educational Leadership and Policy studies, at the Mary Lou Fulton Teachers College at Arizona State University. (Doc. 21 at 2). He researches inclusion and equity in education for "dual language learners, Black, Latino, and Indigenous" families and students. (*Id.*). On March 7, 2022, Dr. Rodriguez and two other authors published an article in *Educational Studies* entitled "Our Separate Struggles Are Really One: Building Coalitions and Solidarity for Social and Racial Justice in Education" ("Rodriguez Article").

(*Id.*).  *Educational Studies* is an education journal published by Defendant.  (*Id.* at 3).

Within days of publication, Plaintiff became aware of a potential issue with the Rodriquez Article.  (Doc. 21 at 3).  Plaintiff and his co-authors researched other published works and discovered that the Rodriquez Article and an article published by Dr. Sonya Douglass Horsford shared references to a conversation between Dr. Martin Luther King, Jr. and Cesar Chavez and had similar titles.  (*Id.*).  Dr. Horsford titled her article "Our Separate Struggles are Really One: Building Political Race Coalitions for Educational Justice ("Horsford Article").  (Doc. 10-3 at 2).  On March 12, 2022, Dr. Rodriguez contacted Defendant to inform them of the overlap due to an oversight to "check for title similarities with other publications," to offer a revised title, and to address certain references in the Rodriguez Article.  (Doc. 21 at 3-4).  Plaintiff and his co-authors submitted a revised draft of the Rodriguez Article that included different references and a new title.  (*Id.* at 5).  Defendant accepted the changes and updated the print and online publication.  (*Id.*).  Defendant informed Plaintiff that the editorial board was reviewing the matter but ceased all further communications with Plaintiff.  (*Id.*).

On June 20, 2022, Defendant informed Plaintiff that it would remove the Rodriguez Article from the issue of *Education Studies* and issue a retraction on its website with the basis for the retraction.  (Doc. 21 at 6).  Defendant provided Plaintiff no specific basis for the removal or the specific content of the retraction statement.  (*Id.*).  Defendant then retracted the Rodriguez Article and published a public notice of retraction on its website.  (*Id.* at 6).  The notice referenced both the Rodriguez Article and the Horsford Article and included a brief explanation of Defendant's reasoning:

> Since publication, significant concerns have been raised about the fact that this article has substantial overlap with the following article, particularly in title, references, and ideas pertinent to the content . . . As plagiarism is a serious breach of publishing ethics, we are retracting the article from the journal.  We have been informed in our decision-making by our policy on publishing ethics and integrity and the COPE guidelines on retractions.

(Doc. 10-2 at 2).  Plaintiff alleges that "[t]he continued presence of the retraction statement

on Defendant's website has the extreme potential to cause harm to Dr. Rodriguez and his professional reputation, including prohibiting and preventing him from opportunities for future professional advancement." (Doc. 21 at 8). Additionally, Plaintiff alleges that Arizona State University placed him on administrative leave and that he lost his administrative position because of Defendant's public notice. (*Id*. at 8-9). The loss of that position, Plaintiff alleges, included a substantial loss in income. (*Id.* at 9).

Plaintiff has two pending claims against Defendant: one for defamation and one for trade libel. (Doc. 21 at 9). Plaintiff originally filed his Complaint in the Superior Court of Arizona in Maricopa County on November 9, 2022. (Doc. 1 at 1-2). On March 2, 2023, Plaintiff filed his First Amended Complaint. (Doc. 1-5 at 9). Defendant removed the action to this Court on April 5, 2023. (Doc. 1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. On April 27, 2023, Plaintiff filed his Second Amended Complaint. (Doc. 9). This Court granted Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim with one final leave to amend and to plead facts sufficient to make plausible the element of malice, a required element of both defamation and trade libel. (Doc 18). On April 26, 2024, Plaintiff filed his Third Amended Complaint ("Complaint"). (Doc. 21).

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations do not receive a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to

dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).[1] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**II.     Analysis**

    **a.  Defamation**

To state a claim for defamation under Arizona law, a plaintiff must plead (1) the existence of a false defamatory statement, (2) publication to a third party, and (3) "fault amounting to at least negligence on the part of the publisher or 'actual malice,' depending on the status of the plaintiff as a private or public figure and whether the statement at issue involves a matter of public concern." *Greschner v. Becker*, No. CV-14-02352-PHX-GMS, 2015 WL 685156, at *2 (D. Ariz. Feb. 18, 2015) (quoting *Boswell v. Phx. Newspapers, Inc.*, 152 Ariz. 1, 3, 730 P.2d 178, 180 (Ariz. Ct. App. 1978)). Because Plaintiff is a professor employed by a public institution, the parties agree that he is a public figure subject to a higher showing of "actual malice." (Doc. 10 at 8-10; Doc. 13 at 7-9); *see also Sewell v. Brookbank*, 119 Ariz. 422, 425, 581 P.2d 267, 270 (Ariz. Ct. App. 1978). "A statement is made with 'actual malice' when it is made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Greschner*, 2016 WL 3969941, at *4 (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964)). "Actual malice" means knowledge of falsity or conscious disregard of the truth. *Scottsdale Pub'g v. Superior Ct. of Maricopa Cnty.*, 159 Ariz. 72, 75, 82, 764 P.2d 1131, 1134, 1141 (Ct. App. 1988) (defining "actual malice" as either "knowingly" publishing a false statement or doing so when the defendant "entertained serious doubts as to the truth of its accusation, but

---

[1] Both of Defendant's Motions to Dismiss (Doc. 10 and Doc. 22) include documents attached as appendices: the Rodriguez Article, Defendant's public notice of retraction, the Horsford Article, emails exchanged between Defendant and Plaintiff, and Defendant's letter to Plaintiff providing formal notice that the Rodriguez Article was removed from the issue. These documents may be properly considered by the Court without converting the Motion to Dismiss into a Motion for Summary Judgment based on the "incorporation by reference" doctrine, because the Plaintiff relies on the documents in his complaint, the Defendant attached the documents to its Motion to Dismiss, and neither party disputes their authenticity. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

proceeded in conscious disregard of such doubts") (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)). Other cases suggest that the standard is either knowing or publishing a false statement with a subjectively "high degree of awareness of [its] probable falsity." *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 688 (1989). Importantly, the actual malice standard applies to the truthfulness of the Defendant's statement—it is not to be confused with the intent behind Defendant's statement. *Id.* (citations omitted). "Under Arizona defamation law, actual malice may be shown by circumstantial evidence." *Shoen v. Shoen*, 48 F.3d 412, 417 (9th Cir. 1995) (citing *Currier v. W. Newspapers*, 175 Ariz. 290, 294, 855 P.2d 1351, 1355 (Ariz. 1993)).

The Court previously found that Plaintiff's Second Amended Complaint failed to allege what, if any, information Plaintiff provided Defendant such that Defendant should have "entertained serious doubts" as to the truth of its statements regarding plagiarism in its retraction statement. (Doc. 18 at 6-7). Plaintiff has since added two allegations in connection with his defamation claim: (1) the specific explanation in his March 12, 2022, email to Defendant and (2) the "position of Dr. Horsford that [s]he did not want to or intend for Defendant to take any further action." (Doc. 21 at 6). Plaintiff claims that these two facts provided "sufficient exonerating information to put the Defendant on notice that the later publication of the allegations in the Retraction Statement alleging plagiarism were done with malice and/or with reckless disregard of whether the allegations in the Retraction Statement were false or not." (*Id.*). The Court analyzes Plaintiff's allegations in turn.

### i. Specific Explanation in the March 12, 2022, Email

Plaintiff's email informs Defendant that the Rodriguez Article had a similar title to the Horsford Article and states that the similarity was due to an "oversight . . . to check for title similarities with other publications." (Doc. 21 at 4). However, even if true, Plaintiff's email does not provide Defendant with information that would cause Defendant to "entertain[ ] serious doubts as to the truth of" the retraction statement. *See Scottsdale Publ'g*, 159 Ariz. at 82, 764 P.2d at 1141; (Doc. 10-2 at 2). The retraction statement points to "significant overlap" in not only title but also as to "references" and "ideas," neither of

which were addressed in the March 12 email. (Doc. 22-2 at 2). This Court takes as true all allegations of material facts set forth in the complaint, together with "all reasonable inferences therefrom." *Pareto*, 139 F.3d at 699. "Unwarranted inferences are not sufficient to defeat a motion to dismiss." *Id*. The text of the email is expressly limited to a conversation about "title similarities." (Doc. 21 at 4). Plaintiff's failure "to check for title similarities with other publications" does not reasonably suggest that what he did, or failed to do in this respect, prevented plagiarism. *See id.* Moreover, a simple, uncorroborated denial by Plaintiff to Defendant that he committed plagiarism is not sufficient to make plausible his claim of actual malice on Defendant's part in concluding otherwise.

### ii. Dr. Horsford's Email to Plaintiff Regarding Further Action

Dr. Horsford, in an email response to Plaintiff's offer to make additional changes to the article, wrote that the decision was not hers to make and that she did not "expect any particular action to be taken." (Doc. 22-1 at 2). Although not explicitly stated, Plaintiff assumes that Defendant inferred, or should have inferred, from Dr. Horsford's email that Dr. Horsford would have responded differently had she believed her article had been plagiarized. (Doc. 21 at 6-7). Therefore, according to Plaintiff, Dr. Horsford did not believe Plaintiff plagiarized, and the email was sufficiently exonerating to put Defendant on notice, such that any later publication of alleged plagiarism was done with malice. (*Id.*). This is not a "reasonable inference." *See Pareto*, 139 F.3d at 699. Plaintiff asserts that Dr. Horsford meant that she did not "want or intend" for Defendant to take action when she wrote that she did not "expect any particular action to be taken." (Doc. 21 at 6-7; Doc. 22-1 at 2). No such presumption is merited. In fact, Dr. Horsford explicitly wrote in that same email that decisions about changes to the Rodriguez Article were not hers to make and that she was just bringing the similarities to Plaintiff's attention. (Doc. 22-1 at 2). Actual malice means Defendant "entertained serious doubts as to the truth of the accusation." *See Scottsdale Publ'g*, 159 Ariz. at 75, 82 (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)). Dr. Horsford's email does not give rise to an inference that Defendant "entertained serious doubts as to the truth" of the plagiarism of Dr. Hosford's article, as any such

inference from Dr. Horsford's email is unwarranted. *See id.* For this reason, Plaintiff has not sufficiently alleged actual malice.

### 1. Trade Libel

Under Arizona law, claims for trade libel "are subject to the same first amendment requirements that govern actions for defamation." *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1057–58 (9th Cir. 1990). This includes the actual malice pleading standard. Thus, because Plaintiff cannot plead facts sufficient to make the element of actual malice in the statement plausible, Plaintiff similarly fails to make out a claim of trade libel. Plaintiff's claim for trade libel is, therefore, also dismissed.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this matter.

Dated this 22nd day of August, 2024.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge